UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMINGTON TRUST NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURIE HARMS, et al,<br><br>    Defendants. | No.  2:21-cv-02201-JAM-JDP<br><br>**SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |

  The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.  See Local Rule 302(d) ("Notwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge.").

  On November 30, 2021, Defendant Gavin Mehl filed a Notice of Removal with this Court, seeking to remove an action from Sacramento County Superior Court.  Notice of Removal, ECF No. 1. For the following reasons, the Court sua sponte REMANDS this case to Sacramento County Superior Court.

1

1    Under 28 U.S.C. § 1441(a), a defendant may remove an action
2 to federal court if the district court has original jurisdiction.
3 Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)
4 (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th
5 Cir. 2003)).  If at any time before final judgment it appears
6 that the district court lacks subject matter jurisdiction, the
7 case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a
8 defendant seeking to remove an action to federal court must file
9 a notice of removal within thirty days of receiving a copy of the
10 initial pleading.  28 U.S.C. § 1446(b).  The defendant seeking
11 removal of an action to federal court has the burden of
12 establishing federal jurisdiction in the case.  California ex
13 rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).
14    Federal courts are courts of limited jurisdiction and lack
15 inherent or general subject matter jurisdiction.  Federal courts
16 can adjudicate only those cases authorized by the United States
17 Constitution and Congress.  Generally, those cases involve
18 diversity of citizenship or a federal question, or cases in which
19 the United States is a party.  Kokkonen v. Guardian Life Ins.
20 Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545
21 (1989).
22    Here, Defendant is attempting to remove an unlawful detainer
23 action based on federal subject matter jurisdiction and diversity
24 jurisdiction.  Notice of Removal at 3-4.  However, the Ninth
25 Circuit has held that the removal statute should be strictly
26 construed in favor of remand and against removal.  Harris v.
27 Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005).
28 The "strong presumption" against removal jurisdiction means that

2

the defendant always has the burden of establishing that removal is proper. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

Plaintiff's complaint raises a single state law claim. The face of a properly-pled state law unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids federal question jurisdiction. Defendant cannot inject a federal issue through his answer. See Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy

3

1  Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law
2  defense to a state-law claim does not confer jurisdiction on a
3  federal court, even if the defense is that of federal preemption
4  and is anticipated in the plaintiff's complaint.").

5      Defendant is also unable to establish subject matter
6  jurisdiction before this Court based on diversity jurisdiction.
7  Removal based on diversity jurisdiction requires that the parties
8  be completely diverse and that the amount in controversy exceed
9  $ 75,000.  28 U.S.C. § 1332(a)(1).  In unlawful detainer actions,
10 "California courts have noted that 'the right to possession alone
11 [is] involved,' – not title to the property." Litton Loan
12 Servicing, L.P. v. Villegas, No. C 10-05478 PJH, 2011 WL 204322,
13 at *2 (N.D. Cal. Jan. 21, 2011) (quoting Evans v. Superior Ct.,
14 67 Cal. App. 3d 162, 168 (1977)).  Thus, "the amount of damages
15 sought in the complaint, not the value of the subject real
16 property, determines the amount in controversy." Id.

17     Defendant has failed to prove that the amount in controversy
18 requirement is met.  Plaintiff seeks $162.66 per day from the
19 expiration of the demand for surrender, June 2, 2021, through the
20 date of which Defendants relinquish possession.  Thus far, this
21 would equal $ 29,278.80.  See Certain Underwriters at Lloyd's
22 London v. Argonaut Ins. Co., 264 F. Supp. 2d 926, 932 n.1 (N.D.
23 Cal. 2003) (amount in controversy determined at the time of
24 removal).  Because the damages sought from the unlawful
25 possession of the property do not exceed $75,000, diversity
26 jurisdiction is lacking.  Moreover, in removal cases where the
27 purported basis of jurisdiction is diversity, removal is not
28 permitted where a defendant is a citizen of the state in which

1  the plaintiff originally brought the action.  See 28 U.S.C.
2  § 1441(b).  Thus, Defendant, a citizen of California cannot
3  properly remove this action.
4      Furthermore, Defendant has failed to establish that 28
5  U.S.C. § 1443 warrants removal.  28 U.S.C. § 1443(a)(1) provides
6  that a defendant may remove from the state court any action
7  "[a]gainst any person who is denied or cannot enforce in the
8  courts of such State a right under any law providing for the
9  equal civil rights of citizens of the United States, or of all
10 persons within the jurisdiction thereof."  Defendant asserts the
11 state court denied equal access to the court by not allowing
12 certain tenants to participate in the action.  Notice of Removal
13 at 5.  However, section 1443 is interpretated narrowly. Bank of
14 America, National Ass'n v. German, 19-cv-0969-GPC(KSC), 2019 WL
15 2353630, at *3 (S.D. Cal. June 4, 2019).  A party petitioning for
16 removal under section 1443 must meet a two-part test:
17     "First the petitioner must assert [. . .] rights that are
18 given to them by explicit statutory enactment protecting equal
19 racial civil rights [. . .] Second, petitioners must assert that
20 the state courts will not enforce that right, and that allegation
21 must be supported by reference to a statute or a constitutional
22 provision that purports to command the state courts to ignore the
23 federal rights."
24     Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir.
25 2006) (internal quotation marks and citation omitted).  Here,
26 Defendant has not identified a state law or constitutional
27 provision that directs state courts to ignore Defendant's civil
28 rights.

1    Accordingly, the Court REMANDS this case to Sacramento
2 County Superior Court for all future proceedings.
3 Dated: December 1, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE